SEDGWICK, DETERT, MORAN & ARNOLD LLP
CURTIS D. PARVIN (STATE BAR NO. 116079)
RICHARD CRITES (STATE BAR NO. 204639)
3 Park Plaza, 17th Floor
Irvine, California 92614-8540
Telephone: (949) 852-8200
Facsimile: (949) 852-8282
curtis.parvin@sdma.com
richard.crites@sdma.com

Attorneys for Defendant
PACIFIC CASTLE RANCHO CORDOVA, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DODSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL STORES, INC., PACIFIC CASTLE RANCHO CORDOVA, LLC,<br><br>　　　　Defendants. | CASE NO. 2:07-CV-02143-MCE-EFB<br><br>**STIPULATION AND ORDER TO ENTER JUDGMENT**<br><br>JUDGE: HON. MORRISON C. ENGLAND, JR.<br>CTRM:   3 |

WHEREAS, Plaintiff has filed the above-captioned lawsuit, captioned *Dodson v. National Stores, Inc. et al.*, Case No.CIV.S-07-02143-MCE-EFB, in the United States District Court for the Eastern District of California (the "Action"), alleging that certain aspects of Fallas Paredes #0135 located at 10837 Olson Drive, Gold River, California (the "Store"), and the property surrounding it (072-0280-094) located at 10801-10937 Olson Drive, Gold River, California (the "Shopping Center"), owned and/or operated by Defendants, violates the accessibility requirements of Title III of the Americans With Disabilities Act ("ADA"), and applicable California state laws and regulations; and

WHEREAS, Pacific, the current owner of the Shopping Center, answered the complaint and asserted various affirmative defenses; and

1  WHEREAS, the Shopping Center was constructed in or about 1988, prior to the effective
2  date of the ADA; and

3  WHEREAS, Pacific did not build or develop the Shopping Center, and in fact did not
4  acquire the Shopping Center until May 2007; and

5  WHEREAS, Pacific has not been involved in any significant alterations or modifications of
6  the Shopping Center; and

7  WHEREAS, there is no evidence that the common area of the Shopping Center (i.e, those
8  areas other than the interiors of the buildings) were not compliant with all applicable building
9  codes regarding disabled access at the time of construction; and

10  WHEREAS, there is no evidence that prior owners of the Shopping Center were involved
11  in any significant alterations or modifications of the Shopping Center with respect to the common
12  areas thereof, other than possibly resurfacing of the parking lot; and

13  WHEREAS, the Plaintiff and Pacific have entered into an Agreement to address all
14  accessibility deficiencies arising under either the ADA or related California statutes, whereby it is
15  agreed that Pacific will undertake the following activity:

16  • Remove and replace the "Unauthorized Parking" signage with compliant CA T24
17  1129B.5 signs that are a minimum 22" high and 17" wide, with a minimum 1" lettering height
18  which states, "Unauthorized vehicles parked in designated accessible spaces not displaying
19  distinguishing placards or license plates issued for persons with disabilities may be towed away at
20  owner's expense. Towed vehicles may be reclaimed at _____ or by telephoning
21  _____."

22  • Remove and replace the single disabled logo/van accessible signs with separate
23  disabled logo and van accessible signs, per CA T24 1129B.5. The "van accessible" sign is to be
24  placed below the logo sign, with some space in between so that it can easily be seen as a separate
25  sign. The signs mounted on poles must be at least 80" off the ground at the bottom of the lower
26  sign, be reflectorized and made with porcelain steel and contain beaded text or equal, and have a
27  blue background with a while logo. Signs posted on walls in front of disabled parking stalls shall
28  be of the same design, but be a minimum 36" off the ground.

1 •  Install logo signs in front of regular disabled spaces, and the logo and van
2 accessible signs in front of van accessible disabled spaces, where such signs are missing.  (One
3 affected stall.)

4 •  Move any signage which is not centered on a disabled parking space to the center
5 of the space.  (Two affected stalls.)  In addition, there are two stalls where the signage is on a
6 building pillar which is slightly off center, but it is agreed that these are substantially compliant
7 and need not be altered.

8 •  Ensure that all disabled parking spaces and access aisles are lined to a depth of at
9 least 18' and a width of 9'.  (There are approximately 15 spaces and/or aisles which do not reach
10 the 18' depth.)

11 •  Ensure that all disabled parking spaces have compliant street surface logo signage.
12 Currently, the property appears to be in compliance.

13 •  Ensure that all access aisles next to single disabled parking stalls are at least 5'
14 wide and contain the verbiage "No Parking" painted on the parking surface where it can easily be
15 seen by law enforcement vehicles (i.e., at the edge of the aisle closest to vehicle traffic).  In
16 addition, ensure that all access aisles next to van accessible disabled parking stalls are at least 8'
17 wide and contain the verbiage "No Parking" where it can easily be seen by law enforcement
18 vehicles.  The width requirement of all access aisles is in compliance, but there are approximately
19 10 access aisles that do not have the "No Parking" admonition.

20 •  Provide visible warning signals where the access aisle meets a curb ramp where
21 there is greater than a 1/4" differential.  (For example, if the access ramp at a given curb is 4' wide
22 before the curb ends turn up, and the access aisle is 5' wide, the 6" portion on each side where the
23 curb begins to turn up should be clearly painted to indicate a drop off and/or tripping hazard.
24 (Five affected locations.)

25 •  Place disabled access route signs at the perimeter of the property indicating access
26 points from public walkways.  Up to 5 signs may be needed.
27 and,
28

WHEREAS, Plaintiff alleged that there was not an accessible path from the Fallas Paredes building area to the public walkway, but it has been established that such an accessible path exists such that no further work on this issue is required; and,

WHEREAS, there is significant cost involved in implementing the aforementioned conditions immediately, but many of the aforementioned conditions can be corrected during normal resurfacing of the parking lot at the Shopping Center and, in fact, such normal resurfacing would obliterate any painting work that could be done immediately; and

WHEREAS, Pacific has planned a resurfacing of the parking area at the Shopping Center to occur no later than the end of the second quarter of 2009;

IT IS THEREFORE STIPULATED AND AGREED that the Court may render its Findings of Fact and Conclusions of Law, and Judgment, in this matter in the form attached as Exhibit 1 hereto.

DATED:                THE LAW OFFICES OF LYNN HUBBARD, III


By: /s/ Lynn Hubbard, III
    LYNN HUBBARD, III
    Attorneys for Plaintiff ROBERT DODSON


DATED:                SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /s/ Curtis D. Parvin
    CURTIS D. PARVIN
    RICHARD CRITES
    Attorneys for Defendant PACIFIC CASTLE RANCHO
    CORDOVA, LLC

1 **ORDER**

2     IT IS SO ORDERED. Findings of Fact and Conclusions of Law, and Judgment, shall be

3 entered in the form attached as Exhibit 1 attached hereto.

4

5

6 DATED: 3/28/2008

7 _____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE